15-447-ag
*Tomlinson v. S.E.C.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
          BARRINGTON D. PARKER,
          GERARD E. LYNCH,
                    *Circuit Judges.*

---

STEVEN R. TOMLINSON,

             *Petitioner,*　　　　　　　　No. 15-447-ag

        v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

             *Respondent.*

---

FOR PETITIONER:　　　　　　　　Steven R. Tomlinson, *pro se*, Painted Post, N.Y.

FOR RESPONDENT:　　　　　　　　Anne K. Small, General Counsel (Michael A. Conley, John W. Avery, Benjamin L. Schiffrin, Paul G. Alvarez, *on the brief*), *for* Securities and Exchange Commission, Washington, D.C.

Petition for review of an order of the Securities and Exchange Commission.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the order of the Securities and Exchange Commission is **AFFIRMED**.

Pursuant to Section 25(a)(1) of the Securities Exchange Act, 15 U.S.C. § 78y(a)(1), Petitioner Steven R. Tomlinson ("Tomlinson"), proceeding *pro se*, seeks review of an order of the Securities and Exchange Commission ("SEC") sustaining disciplinary action taken against him by the Financial Industry Regulatory Authority ("FINRA"). Tomlinson allegedly obtained confidential, nonpublic customer information from his former employer and improperly disclosed the information to his new employer in violation of National Association of Securities Dealers ("NASD") Conduct Rule 2110.[1] FINRA sanctioned Tomlinson by imposing a ninety-day suspension and assessing a $10,000 fine, which was not imposed due to inability to pay. App. 40. On December 11, 2014, the SEC sustained the sanctions. App. 59.

On appeal from the SEC's order sustaining FINRA's sanctions, Tomlinson argues, *inter alia*, that the Court should set aside the SEC's order because the SEC's review of FINRA's disciplinary action was deficient. Specifically, Tomlinson argues that the SEC failed to obtain documents crucial to its review—including the written recommendations of FINRA's National Adjudicatory Council ("NAC") and a NAC "presentment document," information regarding other data breaches at his former employer,[2] and copies of his former employer's client agreements that may have permitted disclosure of customer information—and failed to take into account a settlement agreement entered into between Tomlinson, his former employer, and his new employer. Tomlinson further argues that FINRA's disciplinary action arose from a vindictive and retaliatory complaint filed by his former employer. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court "will affirm the SEC's findings of fact if supported by substantial evidence," and "will set aside the SEC's actions, findings, or conclusions of law only if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Mathis v. S.E.C.*, 671 F.3d 210,

---

[1] NASD Conduct Rule 2110 required that "[a] member, in the conduct of its business, shall observe high standards of commercial honor and just and equitable principles of trade." After FINRA initiated this action against Tomlinson, the rule was superseded by FINRA Rule 2010, which is substantively the same as NASD Conduct Rule 2110. *See* Order Approving FINRA's Adoption of Certain FINRA Rules in Consolidated Rulebook, 73 Fed. Reg. 57,174 (Oct. 1, 2008).

[2] Tomlinson also requests that certain related testimony and documentary evidence be stricken from the record.

215–16 (2d Cir. 2012) (internal quotation marks omitted); *see also McCarthy v. S.E.C.*, 406 F.3d 179, 188 (2d Cir. 2005) ("An appeals court reviews the SEC's affirmance of . . . sanctions for abuse of discretion, and will only overturn sanctions if they are unwarranted in law or without justification in fact." (brackets and internal quotation marks omitted)). In the circumstances presented here, an abuse of discretion typically "will involve either a sanction palpably disproportionate to the violation or a failure to support the sanction chosen with a meaningful statement of findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." *McCarthy*, 406 F.3d at 188 (internal quotation marks omitted).

Having reviewed the record, we conclude that the SEC did not abuse its discretion in sustaining FINRA's sanctions against Tomlinson. First, the SEC's findings were supported by substantial evidence. As set forth more fully in the SEC's well-reasoned order and opinion, *see* App. 41–60, Tomlinson admitted to facts necessary to support a violation of NASD Conduct Rule 2110 due to his unauthorized disclosure to a third party of confidential, nonpublic customer information, *see* 17 C.F.R. § 248.10, regarding more than 2,000 customers. Tomlinson's argument that the SEC should have obtained certain additional documents to aid its review does not alter this result, notwithstanding his speculation as to the contents of those documents. Second, in the circumstances presented here, the sanctions sustained by the SEC were not disproportionate to Tomlinson's violation, which involved various aggravating factors, *see* App. 55–59, and the SEC's findings adequately supported those sanctions.

## CONCLUSION

We have considered Tomlinson's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**, and the December 11, 2014, order of the SEC is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk